HANNAH SNYDER ET AL.
vs.  } SEPTEMBER TERM, 1848.
JULIA SNYDER ET AL.

[JURISDICTION.]

THE Court of Chancery has no authority over a trustee acting under the decree of a court of concurrent jurisdiction. If such an authority were exercised by the co-ordinate equity tribunals of the state, the utmost confusion and clashing of power would ensue.

THE CHANCELLOR :

This case being submitted on the part of the complainants, during the sittings of the term, and being now laid before the court, without argument, the proceedings have been read and considered.

The bill, which was filed on the equity side of Baltimore County Court, professes to be a creditor's bill, and prays for the sale of the real estate of James Snyder, deceased, for the payment of his debts.

By an amended bill also filed in the same court, on the 26th of November, 1847, it appears, and is alleged, that prior to the filing the original bill, the complainants had discovered, that the defendants had obtained a decree in said court by consent, and without the knowledge of the complainants, for the sale of the property in question, for the purpose of distribution, and, that the same had been sold by trustees appointed for that purpose ; and the bill prays, that the said trustees be prohibited from paying any portion of the proceeds of the sale to the defendants, and that they be required to bring the same into court, to abide the decree which may be passed in this cause.

Answers to this bill, original and amended, were filed by the defendants to the original bill, and also by the trustees appointed to make the sale, and after some proof had been taken under a commission, the case was transferred to this court, under the act of assembly, upon the suggestion of the complainants. But, the case in which the decree passed, under which the sale of property was made, has not been brought

to this court, and is, consequently, now depending on the equity side of Baltimore County Court.

And, the application, therefore, to this court now is, that trustees, appointed by a decree of Baltimore County Court, to make sale of property in a case which is still there, shall bring into this court the proceeds of such sale to await the decree which may be passed by the court in this cause.

It is, I think, very clear, that this cannot be done—the case of *Brown* vs. *Wallace*, 4 *Gill and Johns.*, 469, is directly opposed to it. The remedy of the plaintiffs (if they have any) would seem to be by a proceeding in the court under whose authority the sale was made, and, perhaps, by a petition in the same cause. It is very certain, however, that this court cannot order a trustee, acting under the decree of a court of concurrent jurisdiction, to do any thing. If such an authority were exercised by the co-ordinate equity tribunals of our state, the utmost confusion and clashing of power would ensue.

[The Chancellor then ordered, that the "bill and the amended bill of complaint" be dismissed with costs.]

[No appeal was taken from this decree.]